ORIGINAL

cc: ∅

IFP Rec'd. LS

**FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII**

MAR 09 2022

at _l_ o'clock and _00_ min. _P_ M
MICHELLE RYNNE, CLERK
 first copy never LS
 3/10/22

1983 FORM Rev. 01/2008

Hanalei Aipoalani   53121-509
(Name and Prisoner/Booking Number)

FDC Honolulu
(Place of Confinement)

PO Box 30080
(Mailing Address)

Honolulu, HI 96820
(City, State, Zip Code)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

Hanalei Yukutaru Aipoalani
(Full Name of Plaintiff)

Case No. **CV22 00093 DKW RT**
(To be supplied by the Clerk)

vs.

Estella Derr

Nathan Kwon, M.D.

Kevin Robl

**PRISONER CIVIL RIGHTS COMPLAINT**

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

(Full Names of Defendants; DO NOT USE *et al.*)

### A. JURISDICTION

1. Jurisdiction is invoked pursuant to:

   a. ☑ 28 U.S.C. § 1343(a)(3) ; 42 U.S.C. § 1983
   b. ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)
   c. ☐ Other: (Please Specify) _____

2. Plaintiff: Hanalei Yukutaru Aipoalani

   Institution/city where violation occurred: FDC Honolulu

3. First Defendant *: Estella Derr

This defendant is a citizen of (state and county) Hawaii, Honolulu,
and is employed as:

_Warden_ at _FDC Honolulu_.
(Position and Title)         (Institution)

This defendant is sued in his/her ✓ individual ✓ official capacity (check one or both). Explain how

1

Received By Mail
Date MAR 09 2022

1983 FORM Rev. 01/2008

this defendant was acting under color of law:

___Executive officer responsible for FDC Honolulu staff, inmates, & contractors___

4. Second Defendant: __Nathan Kwon, M.D.__

This defendant is a citizen of (state and county) __Hawaii__
__Honolulu__, and is employed as:

__Chief Medical Officer__ at __FDC Honolulu__
(Position and Title)              (Institution)

This defendant is sued in his/her ✓ individual ✓ official capacity (check one or both). Explain how this defendant was acting under color of law:

___Chief medical officer responsible for health care of inmates___


5. Third Defendant: __Kevin Robl__

This defendant is a citizen of (state and county) __Hawaii__
__Honolulu__, and is employed as:

__Unit Manager__ at __FDC Honolulu__
(Position and Title)           (Institution)

This defendant is sued in his/her ✓ individual ✓ official capacity (check one or both). Explain how this defendant was acting under color of law:

___Manager responsible for inmate custody and housing — safety.___

(If you would like to name additional defendants, make a copy of this (blank) page and provide the necessary information.)

\*      A defendant may be named in an individual or official capacity, or both. To sue a defendant in their **individual capacity**, you must be able to state facts showing that the defendant was <u>actually</u> involved in violating your rights. A suit against a defendant in their **official capacity** is in reality a suit against the <u>office or position</u> the defendant holds. Only injunctive relief is available in an official capacity suit against a state official. This is because the **Eleventh Amendment** confers immunity upon the state or its officials against monetary damages resulting from federal court litigation.

        "Color of law" refers to whether the person is a private party or an employee, official, or agent of a state, county, city, or the federal government. There can be no civil rights action under § 1983 unless the defendant was "acting under color of law." After the color of law requirement is met, then it must be determined in which capacity the defendant is being sued.

2

1983 FORM Rev. 01/2008

## B. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits while a prisoner:   ☐ Yes   ☒ No

2. If your answer is yes, how many?: _____ Describe the lawsuit in the spaces below.

3. First previous lawsuit:

    a. Plaintiff _____

       Defendants _____

    b. Court and Case Number (if federal court, identify the district; if state court, identify the county): _____

    c. Claims raised: _____

    d. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
    _____

    e. Approximate date of filing lawsuit _____

    f. Approximate date of disposition _____

4. Second previous lawsuit:

    a. Plaintiff _____

       Defendants _____

    b. Court and Case Number (if federal court, identify the district; if state court, identify the county): _____

    c. Claims raised: _____

    d. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
    _____

    e. Approximate date of filing lawsuit _____

    f. Approximate date of disposition _____

1983 FORM Rev. 01/2008

5. Third previous lawsuit:

   a. Plaintiff _____

      Defendants _____

   b. Court and Case Number (if federal court, identify the district; if state sourt, identify the county):

      _____

   c. Claims raised: _____

   d. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

      _____

   e. Approximate date of filing lawsuit _____

   f. Approximate date of disposition _____

(If you have filed more than three lawsuits, make a copy of this (blank) page and provide the necessary information.)

6. Have you filed any actions in federal court that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief could be granted? ___Yes ___No.

   **If you have had three or more previous federal actions dismissed for any of the reasons stated above, you may not bring another civil action in forma pauperis unless you are under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).**

4

1983 FORM Rev. 01/2008

## C. CAUSE OF ACTION

### COUNT I

1. The following constitutional or other federal civil right has been violated by the Defendant(s):

See attached SA

2. Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)   ☐ Mail   ☐ Access to the court   ☑ Medical care   ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other:_____

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I, without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)

See attached SA

4. Injury: (State how you have been injured by Defendant(s)' actions or inactions.

See attached SA

5

TRULINCS 53121509 - AIPOALANI, HANALEI - Unit: HON-E-A

---

FROM: 53121509
TO:
SUBJECT: 1983 Form - 5 - C: Cause for Action, Count I
DATE: 03/04/2022 05:24:27 PM

1. The following constitutional or other federal civil right has been violated by the Defendant(s):

8th Amendment of the United States Constitution - Willful Medical Deliberate Indifference

2. Count I involves: MEDICAL CARE

3. Supporting Facts:

Upon voluntarily surrendering on 08/11/2021, Plaintiff, who was fully vaccinated and tested negative for COVID-19, was housed in Quarantine unit with inmate F. Kealoha who was neither vaccinated nor tested for COVID-19 prior to being housed in Quarantine unit. Although inmate F. Kealoha requested medical attention on 08/11/2021, 08/12/2021, and 08/13/2021--for nausea, chills, migraine--health services staff (Nurses) ignored inmate F. Kealoha's requests and Plaintiff's pleas to have inmate F. Kealoha assessed and evaluated by health services and, at the very least, tested for COVID-19. In fact, on the evening of 08/13/2021, Lt. on duty and corridor COs responded to inmate F. Kealoha's push of the 'red' button and threat of suicide. After speaking with the irate and belligerent inmate, the Lt. and corridor COs returned F. Kealoha to cell and they exited the Quarantine unit. On 08/14/2021, Plaintiff was reassigned to another cell with A. Johnson. On 08/16/2021, F. Kealoha was tested in the morning for COVID-19 and the Rapid test came back positive. F. Kealoha, who described the experience as 'near death,' was removed from the Quarantine unit. On 08/17/2021, inmates who were part of the same cohort as Plaintiff and F. Kealoha were tested for COVID-19. Plaintiff and another inmates (close friend of F. Kelaoha) tested positive for COVID-19 and were immediately moved to health services for isolation and observation. On 08/18/2021, Plaintiff and other inmate were moved to newly designated isolation unit. Plaintiff was housed with A. Johnson (A. Johnson was Plaintiff's second cell mate in Quarantine) who tested positive for COVID-19 on the morning of 08/18/2021.

During isolation, Plaintiff hand wrote eight (8) COP-Outs. Health Services responded to three (3). Unit Management team and Warden did not respond to COP-Outs that were addressed to them, respectively.

In response to Plaintiff's BP-10 to the Western Regional Director regarding request for Compassionate Release/Reduction In Sentence, the Regional Director's 12/06/2021 denial letter stated (not verbatim) that Plaintiff should not be concerned about future COVID-19 infections as BOP is taking 'extraordinary' measures, including offering vaccines to inmates. Still, due to FDC Honolulu employees coming to work infected with COVID-19 and, thereby, infecting work line (cadre) inmates, on 01/10/2022 the cadre unit was put on COVID-19 outbreak lockdown as well over 75% of inmates (which increased to +96% by 02/02/2022) tested positive for COVID-19. Additionally, inmates only receive cloth mask and, as available, latex cloves. COVID-19 PPE (masks, face guards, gloves, sanitizer, etc.) are only for BOP staff and contractors.

Plaintiff, who was isolated in the same unit as the 75% of inmates who tested positive, tested positive for COVID-19 on 01/24/2022 and was moved to the Special Housing Unit on 01/26/2022, along with two (2) other inmates for isolation. Although Plaintiff was in the SHU for non-disciplinary reasons, Plaintiff was denied access to personal belongings, phone and email privileges, and recreation time (24/7 in cell for 8 days).

It is important to note that between first and second incidents of infection, Plaintiff loss over 40 lbs., now suffers from hypertension crisis and was diagnosed with diabetes and high cholesterol. This is in addition to long-term COVID-19 illnesses: blurry vision, feeling faint and lightheaded daily, loss of short term memory, etc.

4. Injury:

Long-term COVID-19, post-COVID-19 infection: hypertension crisis, diabetes, high cholesterol, blurry vision, feeling faint and lightheaded, lethargic, loss of short term memory, loss of weight, PTSD from SHU experience (for non-disciplinary reasons).

1983 FORM Rev. 01/2008

# COUNT II

1. The following constitutional or other federal civil right has been violated by the Defendant(s):

8th Amendment — Cruel and Unusual Punishment

2. Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)   ☐ Mail   ☐ Access to the court   ☐ Medical care
☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
☐ Excessive force by an officer   ☒ Threat to safety   ☐ Other:_____

3. Supporting Facts: (State as briefly as possible the FACTS supporting Count II, without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)

Upon being placed in General Population (cadre unit) on 8/28/2021, Plaintiff was paired with inmate J. Clayton. Inmate J. Clayton was diagnosed with behavioral issues and prescribed medication. J. Clayton would act aggressively towards Plaintiff when J. Clayton was not properly medicated. Plaintiff requested, on three (3) occasions to be reassigned cells. Out of concern for retaliation, Plaintiff decided not to pursue matter as J. Clayton was looked after by known gang affiliated pre-trial detainees who are housed in the General Population cadre unit. The General Population cadre unit houses minimum to medium/high and Civil detention custody level Inmates and pre-trial detainees. Non-segregation of pre-trial detainees and sentenced →

4. Injury: (State how you have been injured by Defendant(s)' actions or inactions.

PTSD — extra cautious about surroundings and type of care not being provided by Defendants.

designated inmates (citizens and non-citizens alike) presents a management issue.

Furthermore, by not segregating inmates with mental conditions that require medical attention from other inmates, and in my particular case, having me share a cell with someone who was hostile and demonic whenever he missed medication or received new medication; FDC Honolulu was negligent in carrying out their duties and responsibilities.

1983 FORM Rev. 01/2008

## COUNT III

1. The following constitutional or other federal civil right has been violated by the Defendant(s):

8th Amendment – Deliberate Indifference

2. Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)
☐ Mail   ☐ Access to the court   ☐ Medical care
☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
☐ Excessive force by an officer   ☑ Threat to safety (Health)   ☐ Other:_____

3. Supporting Facts: (State as briefly as possible the FACTS supporting Count III, without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)

The December 2021 issue of Prison Legal News (Vol. 32 No. 12 ISSN 1075-7678) makes a pronouncement of the severity of radon and its cause of cancer (lung). BOP and FDC Honolulu officers were made aware of the potential health risks via a 1972 report of the National Academy of Sciences Committee on Biological Effects of Ionizing Radiation. Likewise, FDC Honolulu sits adjacent to the Daniel K. Inouye International Airport, whereby Jet Engine Fuel exhaust soot, carrying benzine (deadly toxin), blankets the open recreation areas and gets in the poorly cleaned HVAC system. Thereby, exposing inmates to benzine poisoning. FDC Honolulu staff have been made aware of the situation. Similarly, the Red Hill Navy fuel tank leak reports, stating that high levels of petroleum were found in buildings and facilities near and around the Honolulu International Airport →

4. Injury: (State how you have been injured by Defendant(s)' actions or inactions.

Loss of weight, acne and rash, PTSD – trust factor.

(If you assert more than three Counts, make a copy of this (blank) page and provide the necessary information.)

7

was immenent cause for concern. Inmates questioned the water quality and asked if water was safe for use and consumption. No response. Inmates learned in mid-February, 2022 that FDC Honolulu facilities staff performed an off the record water quality test. Results, if any, were not shared or made public.

Inmates health and safety are being compromised daily.

1983 FORM Rev. 01/2008

## D. REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.

In order of preference:
1. Sentence, including Supervised Release for self and wife (Angelita Aipoalani), to be fully commuted/reduced to zero.
2. Convictions expunged.
3. Three million dollars = $3,000,000.00

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. See 28 U.S.C. § 1746 and 18 U.S.C. §1621.

Signed this 3rd day of March, 2022.

_____
(Signature of Plaintiff)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If needed, you may attach no more than **fifteen (15) additional pages**. Number these pages in relation to the final page number of the section that is being extended (i.e. additional defendants' pages should be numbered "2A, 2B, etc.," additional previous lawsuits' pages "4A, 4B, etc.," additional claims should be numbered "7A, 7B, etc." This form, however, must be completely filled in to the extent applicable.

8